UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DORIAN HOLLIDAY,

                                    Plaintiff,                    **OPINION AND ORDER**

                     -against-                                    No. 23-CV-2410 (PMH)

C.O. ARTIST,

                                    Defendant.

PHILIP M. HALPERN, United States District Judge:

Dorian Holliday ("Plaintiff"), who is currently detained at the Westchester County Correctional Facility and proceeding *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983, alleging that Correctional Officer Artist ("Defendant") violated his constitutional rights under the Due Process Clause of the Fourteenth Amendment by being deliberately indifferent to a risk of serious harm to Plaintiff. (Doc. 1, "Compl.").

Defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on February 14, 2024. (Doc. 18; Doc. 19, "Def. Br."). Plaintiff did not file any opposition to Defendant's motion.[1]

---

[1] Defendant, in accordance with the Court's Individual Practices, filed a pre-motion letter on November 21, 2023 indicating his intention to move to dismiss the Complaint. (Doc. 14). The pre-motion letter indicates that it was mailed to Plaintiff. (*Id.*). Plaintiff did not file any response to the pre-motion letter. Accordingly, on December 1, 2023, the Court waived any pre-motion conference requirement and set a briefing schedule for Defendant's motion to dismiss. (Doc. 15). The docket indicates that a copy of the Court's December 1, 2023 order was mailed to Plaintiff. (*See* Dec. 5, 2023 Doc. Entry). On January 4, 2024, the Court granted Defendant's request to extend that briefing schedule. (Doc. 16; Doc. 17). Plaintiff's brief in opposition to Defendant's motion was due March 25, 2024. (Doc. 17). On February 15, 2024, Defendant filed a Rule 12 notice to *pro se* litigant as well as the notice of motion which indicates it was mailed to Plaintiff by regular mail. (*See* Doc. 18; Doc. 20). Plaintiff did not file opposition papers. On April 10, 2024, the Court *sua sponte* extended Plaintiff's time to oppose the motion to May 10, 2024, warned Plaintiff no further extensions would be granted, and cautioned that if Plaintiff failed to file opposition by May 10, 2024, the motion would be deemed fully submitted and unopposed (Doc. 21). The Court's April 10, 2024 order was mailed to Plaintiff. (*See* April 11, 2024 Doc. Entry). Thus, as is clear from the docket, Plaintiff had ample notice of Defendant's motion to dismiss and failed to file any opposition thereto. Accordingly, the Court deems the motion fully submitted and *sub judice*.

For the reasons set forth below, Defendant's motion to dismiss is GRANTED.

## BACKGROUND

Plaintiff alleges that Defendant was trying to get Plaintiff "jumped," driving Plaintiff to attempt suicide by hanging himself. (Compl. at 5). While Plaintiff was hanging, Defendant cut Plaintiff down and, while doing so, Defendant cut Plaintiff on the left side of his neck "almost deep enough to get [his] vein." (*Id.*). Plaintiff alleges that this incident occurred between December 2017 and January 2018 on the "3-11 shift" in "a block in the Jail 1 East." (*Id.* at 4-5). Plaintiff was subsequently moved to a mental health block and was not given an opportunity to file a grievance, though he did convey what happened to the medical staff and sector supervisor. (*Id.* at 8).

## STANDARD OF REVIEW

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[2] A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (internal quotation marks omitted)). Because *pro se* plaintiffs "'are often unfamiliar with the formalities of pleading requirements,' courts must apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intelligence Agency*, 953 F.2d 26, 28 (2d Cir. 1991)). While "[p]ro se complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal* . . . dismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cty.*, No. 12-CV-06718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . although a court must accept as true all of the allegations . . . in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements

3

of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted)).

Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court also has a duty to interpret "the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## ANALYSIS

Defendant contends that Plaintiff's claim under 42 U.S.C. § 1983 is time-barred by the applicable statute of limitations. (Def. Br. at 2-3). Although a statute of limitations defense is ordinarily asserted as an affirmative defense in an answer, the Second Circuit permits such defense to be raised on a Rule 12(b)(6) motion provided "'the defense appears on the face of the complaint.'" *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004); *DiBenedetto v. Coley*, No. 22-CV-05926, 2024 WL 1216703 (S.D.N.Y. Mar. 21, 2024) (granting a motion to dismiss under Rule 12(b)(6) and dismissing claims as time-barred). Plaintiff alleges that the event giving rise to this claim occurred between December 2017 and January 2018. (Compl. at 5).

The statute of limitations for claims brought pursuant to 42 U.S.C. § 1983 is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). Accordingly, the time for Plaintiff to have commenced this action expired in December 2020 or January 2021.

4

The Court notes, as has Defendant (Def. Br. at 3 n.1), that the statute of limitations was tolled by the Governor of New York due to the COVID-19 pandemic, thereby "provid[ing] an additional 229 days for Plaintiff to file the instant action." *Bull v. Howard*, No. 22-CV-00766, 2024 WL 1939480, at \*18 (W.D.N.Y. Apr. 11, 2024), *adopted by* 2024 WL 1932696 (W.D.N.Y. May 2, 2024). Thus, even assuming the incident occurred as late as January 30, 2018, the deadline for Plaintiff's filing expired on September 16, 2021, which was approximately 18 months before this action was commenced.

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003). New York law provides that where a person "is under a disability because of . . . insanity at the time the cause of action accrues," the applicable statute of limitations will be tolled. N.Y. C.P.L.R. § 208; *Gardner v. Wansart*, No. 05-CV-03351, 2006 WL 2742043, at \*5 n.4 (S.D.N.Y. Sept. 25, 2006). "Courts have explained that 'mental illness alone ha[s] been held to be insufficient to invoke the insanity toll'; instead, 'the plaintiff must be totally unable to function as a result of a severe and incapacitating disability.'" *Khalil v. Pratt Inst.*, 818 F. App'x 115, 117 (2d Cir. 2020) (quoting *La Russo v. St. George's Univ. Sch. of Med.*, 747 F.3d 90, 99 (2d Cir. 2014)). Plaintiff has not alleged that any disability or mental illness was so severe and incapacitating that he was completely unable to function and protect his legal rights. Indeed, according to his own allegations, he had complained about what happened to the medical staff and sector supervisor. (Compl. at 8).

Plaintiff has proffered no reason for the Court to equitably toll the statute of limitations in this action. Accordingly, Plaintiff's claims are barred by the statute of limitations; and that branch of Defendant's motion made pursuant to Fed. R. Civ. P. 12(b)(6) is granted.[3]

## **CONCLUSION**

Based upon the foregoing, Defendant's motion to dismiss is GRANTED. While "[d]istrict courts should frequently provide leave to amend before dismissing a *pro se* complaint . . .  leave to amend is not necessary when it would be futile." *Reed v. Friedman Mgt. Corp.*, 541 F. App'x 40, 41 (2d Cir. 2013) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). "Courts have denied leave to amend as futile where the claims are barred by applicable statute of limitations." *Bergrin v. United States*, No. 19-CV-09681, 2022 WL 912280, at *14 (S.D.N.Y. Mar. 28, 2022); *see also Khalil*, 818 F. App'x at 116 ("[A] district court may sua sponte dismiss a complaint as time-barred where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted."). For the reasons described herein, Plaintiff's claim is time-barred and thus dismissed with prejudice as any amendment would be futile.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is respectfully directed to terminate the motion (Doc. 18); to close this case; and to mail a copy of this Opinion and Order to Plaintiff.

---

[3] Given the conclusions reached herein, the Court need not and does not reach Defendant's remaining arguments regarding Plaintiff's failure to state a claim upon which relief can be granted.

**SO ORDERED:**

Dated:  White Plains, New York
         June 7, 2024

Philip M. Halpern
United States District Judge